Filed 7/15/24  P. v. Fernandez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO AVALOS FERNANDEZ,<br><br>    Defendant and Appellant. | D083282<br><br><br>(Super. Ct. No. SCN248790) |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Alejandro Avalos Fernandez, in pro. per.; and James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2010, Alejandro Avalos Fernandez entered into a plea agreement. He pleaded guilty to first degree murder (Pen. Code,[1] § 187, subd. (a); count 1); rape of a person over 70 years of age and admitted he personally inflicted great bodily injury (§§ 261, subd. (a)(2); count 2); assault with intent

_____

[1]    All statutory references are to the Penal Code.

to commit a felony (§ 220; count 5); and admitted he personally inflicted great bodily injury (§ 12022.7, subd. (a)).

In his change of plea, Fernandez provided a factual basis for the plea, "on or about September 1, 2001, I unlawfully raped and during the course of the rape, killed [G.C.]; and on April 11, 2004, I assaulted [R.J.] with the intent to commit rape, and in the course of that assault personally inflicted great bodily injury on [R.J.]."

The court sentenced Fernandez to an indeterminate term of 25 years to life plus a determinate term of nine years in prison. .

In 2023, Fernandez filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. The court determined that Fernandez was the actual killer and was therefore ineligible for resentencing under section 1172.6. The court denied the petition without issuing an order to show cause or holding an evidentiary hearing.

Fernandez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

We advised Fernandez he could file his own brief on appeal. He has responded with a brief letter. Fernandez does not address any potential issues regarding the denial of his petition for resentencing. He takes responsibility for his crime and asks the court for clemency, which is not within the court's authority in this case. Fernandez's submission does not raise any potentially meritorious issues for reversal of the current order.

2

We do not believe it is necessary to try to construct a statement of facts regarding the convictions based on guilty pleas.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identifies two possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether the court erred in denying the petition without issuing an order to show cause.

2. Whether Fernandez's guilty plea refuted his allegations in his petition without holding an evidentiary hearing.

We have independently reviewed the record for error as requested by appellant. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Fernandez on this appeal.

DISPOSITION

The order denying appellant's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.

4